UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDDIE D. WILSON,

    Plaintiff,

v.

REPUBLIC SERVICES INC.,

    Defendant.

Case No. 2:10-CV-1156 KJD-LRL

**ORDER**

    Presently before the Court is Defendant's Motion to Dismiss (#12). Plaintiff filed a response in opposition (#14).

**I. Background**

    Plaintiff's former employer, Defendant Republic Services ("Republic"), terminated Plaintiff in June 2003. Plaintiff subsequently filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that Republic discriminated against him and discharged him because of his race in violation of Title VII and age in violation of the Age Discrimination and Employment Act ("ADEA"). The EEOC investigated Plaintiff's allegations and on or about June 14, 2004, issued Plaintiff a Dismissal and Notice of Rights, at which point Plaintiff had 90 days to file a suit relating to his 2004 charge.

On September 30, 2004 the EEOC filed a lawsuit against Republic alleging that it terminated its employees who were over the age of 40 and/or denied them transfer opportunities in violation of the ADEA.  Plaintiff was solicited and included as a class member for whom it sought relief.  On February 17, 2009, the court granted summary judgment in favor of Republic.  On or about September 21, 2010, the parties signed a final and binding Consent Decree.

During the EEOC litigation, Plaintiff was employed by another company, Wilson Logistics ("Logistics").  In or around October 2006, Logistics was taken over by Republic and employees of Logistics were allegedly told to apply for employment with Republic.  Republic did not hire Plaintiff, and Plaintiff believes he was not hired because of his age and because he had previously been discharged from Republic.  On March 5, 2007, Plaintiff filed a second charge of discrimination with the EEOC.   The EEOC made a determination and on or about April 10, 2010, the EEOC issued Plaintiff a right to sue letter.  Plaintiff in turn sued Republic in the present action.  Republic now seeks to have this case dismissed under three arguments: (1) res judicata; (2) failure to exhaust administrative remedies; and (3) failure to state a claim.

**II.  Res Judicata**

A case is barred by res judicata only if the earlier suit (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.  Mpoyo v. Litton Electrc-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted).  Two suits involve the same claim or cause of action when they arise out of the same transactional nucleus of facts.  Mpoyo, 430 F.3d at 987.

Here, Plaintiff's 2004 claim against Republic arose out of his termination from Republic in 2003.  Plaintiff's 2007 claim arose out of Republic's failure to hire him in 2006.  The two suits clearly do not arise out of the same transactional nucleus of facts.  Therefore, res judicata does not apply.

**III. Failure to Exhaust Administrative Remedies**

Defendant asserts that Plaintiff did not exhaust his administrative remedies because in his 2006 filing with the EEOC Plaintiff did not select any boxes which related to Title VII protected classification nor did he identify a Title VII protected characteristic.  Rather, Defendant argues, the basis of Plaintiff's 2007 charge stated on its face "age" and "retaliation" as the purpose for bringing the charge.

When an employee seeks judicial relief for claims not listed in the original EEOC charge, the complaint "nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC Charge. Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973).  However, the Charge must be clear enough to notify the agency of the legal theory being argued and the operative facts at issue.  Ong v. Cleland, 642 F.2d 316, 318 (9th Cir. 1981).  An employee may not rely on the same employer actions to demonstrate discrimination under theories never investigated by the administrative agency.  See Shah v. Mt. Zion Hospital and Medical Center, 642 F.2d 268, 271-271 (9th Cir. 1981)(district court lacked subject matter jurisdiction over race, color and religious discrimination claims when plaintiff attempted to expand his Title VII action at trial from the sex and national origin discrimination claims alleged in the EEOC complaint).

Here, Plaintiff's EEOC charge and the EEOC's determination letter reference retaliation, age, and the ADEA, not Title VII (#12 -G).  Plaintiff's Complaint and Response in Opposition (#14) asserts that the present suit "has nothing to do with age" and is instead about Republic's refusal to hire him based on his race and in retaliation for his prior discharge, in violation of Title VII.  Plaintiff cannot base the present suit on Title VII race discrimination without having first filed such a claim with the EEOC.   Because Plaintiff made no mention of his race-based claim in this EEOC charge, he failed to exhaust his administrative remedies relating to that claim.  Accordingly, Plaintiff's claim of race discrimination is dismissed.  However, Plaintiff's retaliation claim was properly identified in the EEOC Charge and thus Plaintiff did exhaust his administrative remedies regarding that claim.

### IV.  Failure to State A Claim

Defendant asserts that Plaintiff failed to state a claim for retaliation because he does not allege that the retaliation was based on his identification as a protected class.  Title VII's anti-retaliation provision makes it unlawful for an employer to retaliate against an employee because "he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. §2000e-3(a).

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

Here, Plaintiff asserts that Republic took an adverse employment action against him by refusing to hire him.  He further argues that the reason Defendant did not hire him was because he has previously filed a Title VII law suit against Defendant.   That is precisely the type of retaliation Title VII protects against.  Accordingly, Plaintiff's retaliation claim is not dismissed.

### V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#12) is **GRANTED in part and DENIED in part**;

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiff's race-based claim is **GRANTED**;

4

1 **IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiff's retaliation claim is **DENIED**.

DATED this 1st day of August 2011.

                                                  _____
                                                  Kent J. Dawson
                                                  United States District Judge