UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDDIE D. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-01156-KJD -VCF |
| v. ) | |
| ) | **O R D E R** |
| REPUBLIC SERVICES OF SOUTHERN ) | |
| NEVADA, ) | |
| ) | |
| Defendant. ) | |

Before the court is defendant Republic Services of Southern Nevada's Emergency Motion For An Order (1) To Extend The Discovery Deadline For The Sole Purpose of Taking Plaintiff's Deposition, (2) To Extend The Deadline For Dispositive Motions, (3) Awarding Attorneys Fees, and (4) Cautioning Plaintiff Of Future Sanctions. (#40). The court held a hearing on February 17, 2012.

**Background**

*Pro se* plaintiff Eddie Wilson filed his complaint (#6) on September 2, 2010, asserting claims for discrimination and retaliation against defendant Republic Services of Southern Nevada (hereinafter "Republic Services"). Defendant Republic Services filed a motion to dismiss (#12) on February 22, 2011. Plaintiff filed a counter motion for summary judgment, or in the alternative, to file an amended complaint (#15) on March 3, 2011. On August 1, 2011, the court granted in part and denied in part defendant Republic Services motion to dismiss, dismissing plaintiff's race-based claim. (#25). On August 3, 2011, the court denied plaintiff's motion for summary judgment. (#26).

Defendant Republic Services filed its answer (#27) to the complaint on August 15, 2011. On September 23, 2011, the parties filed a stipulated scheduling order, setting the close of discovery for February 13, 2012, dispositive motions due on March 14, 2012, and the Joint Pretrial Order due on April 13, 2012. (#34). Any motions to modify or extend the discovery plan were due on January 23,

2012. *Id.*

On January 17, 2012, defendant Republic Services sent plaintiff a notice of taking the deposition of plaintiff Wilson. (#40 Exhibit 1). Plaintiff's deposition was scheduled for February 1, 2012. *Id.* Defendant asserts that fifteen minutes before the scheduled deposition, plaintiff Wilson's friend called counsel and informed counsel that plaintiff would not be attending because plaintiff was experiencing health issues. (#40). Defense counsel agreed to reschedule the deposition, but informed plaintiff's friend that counsel needed to speak with plaintiff as soon as possible to reschedule the deposition. *Id.*

On February 3, 2012, counsel spoke to plaintiff on the telephone to discuss rescheduling the deposition. *Id.* Counsel expressed her concern with the approaching discovery cut-off date, and stated that if the deposition did not occur prior to the discovery cut-off date, the parties would need to stipulate to extend the discovery deadline for the sole purpose of taking the plaintiff's deposition. *Id.* Plaintiff indicated that he would be able to participate in his deposition the following Wednesday, February 8, 2012. *Id.* Counsel sent plaintiff an amended notice of plaintiff's deposition, scheduling his deposition for February 8, 2012. (#40 Exhibit 2).

"Less than 24 hours before" the deposition, plaintiff requested a continuance of his deposition due to alleged health issues. (#40). Plaintiff left two voice mails informing counsel that he could not appear for the deposition, and asserting that the parties could "make some kind of arrangement to extend this...discovery period so [counsel could] get the deposition," and that we could "possibly get an extension on this so [counsel could] get my deposition." (#40 Exhibit 5 and 6). On February 8, 2012, counsel spoke to plaintiff, and plaintiff indicated that he would agree to extend discovery for the purpose of taking his deposition. (#40).

Plaintiff informed defendant that he would be unable to appear for the deposition until after he met with his doctor to change his prescription. *Id.* Plaintiff stated that he would contact counsel regarding the date of his appointment with his doctor. *Id.* Counsel did not hear back from plaintiff that day. *Id.* On February 9, 2012, counsel called plaintiff to discuss scheduling the deposition. *Id.*

2

Plaintiff stated that the soonest he could get a doctor's appointment was March 8, 2012. *Id.* The plaintiff also indicated that he would not agree to extend discovery for the sole purpose of conducting his deposition, and insisted that discovery be reopened in order for him to conduct "whatever discovery" he wanted. *Id.* Plaintiff did not provide counsel with what discovery he wished to conduct or reasons as to why he did not conduct the discovery earlier. *Id.* Counsel informed plaintiff that she would seek an order from the court if he would not agree, but plaintiff refused to agree to the limited extension. *Id.*

**Limited Discovery Extension**

On February 13, 2012, the defendant filed the instant motion for a limited discovery extension. (#40). Defendant asks this court to (1) extend the discovery deadline to March 16, 2012, for the limited purpose of allowing defendant to depose plaintiff Wilson, (2) extend the deadline for dispositive motions until April 16, 2012, (3) award attorney's fees arising from the deposition preparation and drafting the motion, and (4) cautioning the plaintiff that future conduct of a similar nature may lead to sanctions. *Id.*

Pursuant to Local Rule 26-4, "[a] request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect." Defendant Republic Services filed the instant motion on February 13, 2012 (#40). The last day to file a motion to extend the discovery schedule was January 23, 2012, and discovery closed on February 13, 2012. (#34). Based on the representations from counsel, the delay was not due to defendant's failure, but was due to plaintiff continuously canceling his deposition. (#40). Therefore, defendant's failure to request the extension prior to the discovery cut-off date is excusable. *See* LR 26-4.

Rule 26-4 also requires that the movant's request "be supported by a showing of good cause for the extension." LR 26-4. Defendant has presented the court with good cause supporting the request for the limited extension. (#40). Plaintiff cancelled his deposition twice, and, despite the fact that he agreed to extend discovery for the purpose of conducting his deposition, plaintiff has now asserted that

he would only agree to the extension if the defendant would agree to reopen discovery for all purposes. *Id.* Defendant has demonstrated to the court that plaintiff's failure to participate in his deposition has severely prejudiced defendant's ability to defend this action. *Id.* As defendant asserts, plaintiff's testimony is the only "reasonable means" for defendant to discover "relevant information concerning [p]laintiff's claim of retaliation," and defendant needs to fully examine plaintiff's allegations in order to "fully determine the merits of his claims." *Id.*

The court finds, that in these circumstances, extending the discovery deadline is not necessary. Defendant is permitted to conduct plaintiff's deposition after the close of discovery, and discovery ended as of February 13, 2012, for all other purposes. This court will not entertain any further motions to extend discovery. Plaintiff is ordered to appear on Thursday, March 15, 2012, at 10:00 a.m. for his deposition. Failure to appear on the date and time specified will result in sanctions pursuant to Federal Rule of Civil Procedure 37(d).

Under Rule 37(d)(1)(A)(i), if a party fails to appear at their own deposition after being served with proper notice, the court may order sanctions. Fed. R. Civ. P. 37(d)(1)(A)(i). In addition to or instead of imposing sanctions such as striking pleadings, staying the proceedings, dismissing the action, or treating the party in contempt of court as provided in Rule 37(b)(2)(A), the court "must require the party failing to act,...to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust." Fed. R. Civ. P. 37(b)(2)(A) and (d)(3).

Defendant asks this court to impose sanctions in the amount of $5,130.00 for attorney's fees and $170.00 in costs for the court reporter that appeared for the first deposition, for a total of $5,300. (#40 Exhibits 4 and 7). As *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel, the court finds that it would be "unjust" to award attorney's fees at this time. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972); Fed. R. Civ. P. 37(a)(5)(A)(iii). Plaintiff is on notice, however, that he is not excused from complying with the rules of the court, and that further

4

failures to follow the rules and to participate in his deposition will result in the imposition of sanctions, and possibly the dismissal of the action, in the future.  See *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

The deadline for dispositive motions is April 16, 2012.  If no dispositive motions are filed, the joint pretrial order is due on May 16, 2012.  If dispositive motions are filed, the joint pretrial order is due thirty days after the court issues its rulings on the motions.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Republic Services of Southern Nevada's Emergency Motion For An Order (1) To Extend The Discovery Deadline For The Sole Purpose of Taking Plaintiff's Deposition, (2) To Extend The Deadline For Dispositive Motions, (3) Awarding Attorneys Fees, and (4) Cautioning Plaintiff Of Future Sanctions (#40) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that plaintiff Wilson shall appear on Thursday, March 15, 2012, at 10:00 a.m.  for his deposition.  Failure to appear on the date and time specified will result in sanctions pursuant to Federal Rule of Civil Procedure 37(d).

IT IS FURTHER ORDERED that dispositive motions are due thirty days from the date of plaintiff's deposition: April 16, 2012.  If no dispositive motions are filed, the joint pretrial order is due on May 16, 2012.  If dispositive motions are filed, the joint pretrial order is due thirty days after the court issues its rulings on the motions.

DATED this 17th day of February, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

5