1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  EDDIE D. WILSON,

11        Plaintiff,                          Case No. 2:10-CV-01156-KJD-VCF

12  v.                                        **ORDER**

13  REPUBLIC SILVER STATE DISPOSAL,
    INC.,  d/b/a Republic Services of Southern
14  Nevada,

15        Defendant.

16

17        Presently before the Court is Defendant's Motion for Summary Judgment (#47).  Plaintiff

18  filed a response in opposition (#50) to which Defendant replied (#52).

19  I.  Facts

20        Plaintiff's former employer, Defendant Republic Silver State Disposal, Inc. ("Republic"),

21  terminated Plaintiff in June 2003.  Plaintiff subsequently filed a complaint with the Equal

22  Employment Opportunity Commission ("EEOC"), claiming that Republic discriminated against him

23  and discharged him because of his race in violation of Title VII and age in violation of the Age

24  Discrimination and Employment Act ("ADEA").  The EEOC investigated Plaintiff's allegations and

25  on or about June 14, 2004, issued Plaintiff a Dismissal and Notice of Rights, at which point Plaintiff

26  had 90 days to file a suit relating to his 2004 charge.

1       On September 30, 2004, the EEOC filed a lawsuit against Republic alleging that it terminated

2  its employees who were over the age of 40 and/or denied them transfer opportunities in violation of

3  the ADEA.  Plaintiff was solicited and included as a class member for whom it sought relief.

4  However, Plaintiff's name never appeared on the caption of the case and his involvement was limited

5  to participating in a deposition in 2004 or 2005.  On or about September 21, 2010, the parties signed

6  a final and binding Consent Decree.

7       During the EEOC litigation, Plaintiff was employed by another company, Wilson Logistics

8  ("Logistics") who contracted with Republic to haul trash from Republic's transfer stations to the

9  Apex landfill.   In or around October 2006, Logistics' contract with Republic was cancelled.

10  Republic then assumed the transfer responsibilities.  Employees of Logistics were told to apply for

11  employment with Republic, but were also told that they would not be rehired if Republic had

12  previously terminated them.  Republic did not hire Plaintiff.

13       On March 5, 2007, Plaintiff filed a second charge of discrimination with the EEOC.   The

14  EEOC made a determination and on or about April 10, 2010, the EEOC issued Plaintiff a right to sue

15  letter.  Plaintiff then filed the present action asserting that he had not been rehired in retaliation for

16  his 2003 EEOC complaint.  Plaintiff's only remaining claim is for retaliation under Title VII of the

17  Civil Rights Act of 1964.[1]

18  <u>II.  Standard for Summary Judgment</u>

19       Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

20  and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

21  material fact and that the moving party is entitled to a judgment as a matter of law.  <u>See</u> Fed. R. Civ.

22  P. 56(a); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The moving party bears the

23

24        [1]The Court previously dismissed Plaintiff's other claims.  Though Plaintiff's state law claims remained upon the

25  close of discovery, Plaintiff has failed to file points and authorities in response to Defendant's motion for summary judgment on Plaintiff's state law claims.  Local Rule 7-2(d) allows the Court to consider failure to oppose a motion as

26  consent to the court granting the motion.  Therefore, in accordance with LR 7-2(d) and having considered them on their merits, the Court grants summary judgment on Plaintiff's state law claims.

1  initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

2  323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

3  genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

4  587 (1986).

5  All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

6  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere

7  allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

8  or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.

9  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual

10  issues of controversy in favor of the non-moving party where the facts specifically averred by that

11  party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497

12  U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

13  (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

14  issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere

15  speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th

16  Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine

17  issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d

18  1054, 1061 (9th Cir. 2002).

19  Summary judgment shall be entered "against a party who fails to make a showing sufficient

20  to establish the existence of an element essential to that party's case, and on which that party will

21  bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

22  if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

23  III.  Analysis

24  A plaintiff may establish a prima facie case of retaliation by showing: (1) the plaintiff

25  engaged in protected activities; (2) the employer subjected the plaintiff to an adverse employment

26  decision; and (3) there was a causal link between the protected activity and the employer's action.

1 Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir. 1988).  "The causal link may be established by an

2 inference derived from circumstantial evidence, such as the employer's knowledge that the employee

3 engaged in protected activities and the proximity in time between the protected action and the

4 allegedly retaliatory employment decision." Id. (internal quotation marks and alterations omitted).

5 The employee must show that his engaging in the protected activity was a but-for cause of the

6 adverse employment action he suffered to satisfy the third prong of the prima facie case.  Villiarimo

7 v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002).  If the plaintiff is unable to prove

8 every element of his prima facie case summary judgment is appropriate and there is no need to

9 proceed through the burden-shifting framework.  Rissetto v. Plumbers and Steamfitters Local 343, 94

10 F.3d 597, 600 (9th Cir. 1996).

11      In the present action, Plaintiff is unable to show a causal link between his protected activity

12 of filing complaints with the Equal Employment Opportunity Commission ("EEOC") and the

13 adverse employment action, the decision not to re-hire Plaintiff.  Plaintiff cannot show the causal link

14 because he presented no evidence to suggest that Romeo Vellutini, Republic's Division Human

15 Resources Manager, the supervisor responsible for determining which Logistics' drivers had been

16 previously terminated by Republic, had knowledge of his 2003 EEOC complaint. See Jordan, 847

17 F.2d at 1376.  Further, Plaintiff presents no evidence to suggest that the timing between the filing of

18 the EEOC complaint in 2004 and his failure to be rehired in 2006 gives rise to an inference of

19 retaliation.  See id. Furthermore, Plaintiff's retaliation claim fails, because he was unable to show

20 that his EEOC activity was the "but-for" cause in the adverse employment action. See Villiarimo,

21 281 F.3d at 1065.

22      Even if Plaintiff were to establish a prima facie case, Plaintiff has also failed to show that

23 Republic's explanation for failing to rehire Plaintiff was pretextual.  The *McDonnell Douglas*

24 burden-shifting framework applies to Plaintiff's retaliation claim.  See McGinest v. GTE Serv. Corp.,

25 360 F.3d 1103, 1124 (9th Cir. 2004).  Thus, if Plaintiff establishes a prima facie case of retaliation,

26 the burden shifts to Defendant to offer a legitimate, non-discriminatory explanation for the

4

1    challenged action.  Dawson v. Entek Int'l, 630 F.3d 928, 936 (9th Cir. 2011). "If the employer

2    provides a legitimate explanation for the challenged decision, the plaintiff must show that the

3    defendant's explanation is merely a pretext for impermissible discrimination." Id. (citing Ray v.

4    Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000)).  To survive summary judgment, Plaintiff must

5    offer either direct evidence of discriminatory motive, or specific and substantial circumstantial

6    evidence. Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1066 (9th Cir. 2003).

7        Plaintiff asserts that he has evidence that Republic hired other drivers that had been

8    previously terminated.  Particularly, he includes the affidavit of Michael Scott and a spreadsheet

9    ostensibly showing a list of parties who worked at Logistics and were hired by Republic.  Plaintiff

10   also intends to submit that spreadsheet to prove that Republic rehired previously terminated drivers.[2]

11   However, the testimony of Scott would be inadmissible at trial, because Plaintiff never disclosed

12   Scott as a potential witness.  Under Rule 26(a) of the Federal Rules of Civil Procedure ("Rule 26"),

13   parties have an affirmative duty to disclose all individuals with potentially discoverable information

14   that the party may use to support its claims or defenses.  See Fed. R. Civ. P. 26(a).  Parties also have

15   a duty to provide supplementary disclosures when they learn additional information that should have

16   been provided under Rule 26(a).  See Fed. R. Civ. P. 26(e).  Where a party has failed to disclose a

17   witness as required under Rule 26, "the party is not allowed to use that information or witness to

18   supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or

19   is harmless."  Fed. R. Civ. P. 37(c)(1).

20       Thus, in determining whether Plaintiff's failure to disclose Scott as a witness or to produce

21   his affidavit which was executed on September 20, 2010, timely, was substantially justified, the

22   Court weighs five factors:

23           (1) the surprise to the party against whom the evidence would be offered;
             (2) the ability of that party to cure the surprise; (3) the extent to which

24   _____

25       [2]The spreadsheets must be excluded by the Court because they are completely unauthenticated and Plaintiff
     failed to produce them during discovery.  Therefore, other than the Scott affidavit, Plaintiff has produced no admissible
26   evidence that the stated reason was merely a pretext for a retaliatory motive.

1   allowing the evidence would disrupt the trial; (4) the importance of the
2   evidence, and (5) the nondisclosing party's explanation for its failure to
    disclose the evidence.

3   San Francisco Baykeeper v. West Bay Sanitary Dist., 791 F.Supp.2d 719, 733 (citing S. States Rack

4   & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003)).  In this case, the factors

5   favor excluding the affidavit of Scott.

6       First, Plaintiff did not produce the affidavit of Scott until he filed his response in opposition

7   to Defendant's motion for summary judgment.  Though Plaintiff, during his deposition, mentioned

8   Scott as an individual who had been hired despite being previously terminated, his deposition was

9   taken after discovery was closed and only upon being compelled by the magistrate judge.  See Order,

10  Docket No. 43 (ordering Plaintiff to appear for his deposition and warning him that he would be

11  sanctioned if he failed to appear).  Thus, Defendant was aware of Scott before the motion for

12  summary judgment was filed, but not until discovery had closed.  Plaintiff has presumably held the

13  affidavit since it was executed in 2010 without providing it to Defendant.  Therefore, the first and

14  second factor favor a finding that Plaintiff was not substantially justified in failing to disclose the

15  witness, because the surprise was substantial and Defendant had little to no ability to cure the

16  surprise.

17      While the third factor does not favor Defendant because the trial would not be substantially

18  affected, the fourth factor clearly favors Defendant, because the affidavit is the only potentially

19  admissible evidence demonstrating pretext.  Thus, the affidavit would become a central focus of the

20  entire action.  Finally, the fifth factor favors a finding that Plaintiff's failure to timely disclose Scott

21  was not substantially justified, because Plaintiff has entirely failed to explain why he failed to

22  disclose the affidavit that he obtained on September 20, 2010.  Therefore, the Court finds that both

23  the Scott affidavit and Scott as an actual witness at the trial must be excluded.

24      Since Plaintiff has failed to adduce a prima facie case under Title VII, the Court grants

25  Defendant's motion for summary judgment.  Even if the Court assumes that Plaintiff has stated a

26  prima facie case, the Court would grant summary judgment because Plaintiff has failed to adduce

admissible evidence from which a finder of fact could conclude that the employer's stated reason for the adverse employment action was merely a pretext for retaliation.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#47) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter Judgment for Defendant and against Plaintiff.

DATED this 9th day of January 2013.

_____
Kent J. Dawson
United States District Judge